UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
MICHAEL J. KNEITEL,

                Plaintiff,

        - against -

LISETTE CAMILO, Commissioner, CITY OF
NEW YORK, NEW YORK CITY
DEPARTMENT OF ADMINISTRATIVE
SERVICES, KATRINA PORTER, Director
List Management Audit, JOHN DOE, a NYC
DCAS Examiner, Jane Doe, a NYC DCAS
Examiner, and MICHAEL REYES, NYC
DCAS Associate General Counsel,

                Defendants.
---------------------------------------------------------x

**MEMORANDUM & ORDER**
19-CV-5972 (PKC) (LB)

PAMELA K. CHEN, United States District Judge:

      On October 21, 2019, Plaintiff Michael Kneitel, appearing *pro se*, filed the instant action under 42 U.S.C. § 1983, alleging violations of due process and equal protection. (*See generally* Complaint, Dkt. 1.) Plaintiff also submitted an application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). (*See* Dkt. 2.) For the reasons stated below, Plaintiff is granted twenty-eight (28) days' leave from the entry of this Order to file a Long Form IFP application to proceed without prepayment of fees or to pay the $400 filing fee.

      The purpose of the statute permitting litigants to proceed IFP is to ensure that indigent persons have equal access to the judicial system. *Glass v. Comm'r of Social Sec.*, No. 13-CV-4026 (ENV), 2013 WL 3938740, at *1 (E.D.N.Y. July 30, 2013). Section 1915 of Title 28 of the United States Code authorizes a court to dismiss a case brought by a plaintiff requesting to proceed IFP if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). The question of whether a plaintiff qualifies for IFP status is within the discretion of the district court. *Pinede v. NYC Dep't*

1

*of Envtl. Prot.*, No. 12-CV-6344 (CBA), 2013 WL 1410380, at *2 (E.D.N.Y. Apr. 8, 2013).

Here, the financial declaration form that Plaintiff has submitted (Declaration ("Decl."), Dkt. 2) does not satisfy the Court that he is unable to pay the Court's filing fee to commence this action. Plaintiff states that he is employed by the New York City Department of Sanitation and earns take-home pay of $1,500 bi-weekly. (Decl., ¶ 2.) Plaintiff has $500 in a checking or savings account, and pays, per month, $1,860 for housing, $175 for utilities, $50 for phone service, $140 for transportation, $150 for cable/internet service, $450 for groceries, $75 for union dues, and $800 for child support. (Decl., ¶¶ 4, 6.) Plaintiff owes $12,000 in rent arrears and $5,800 in child support arrears. (Decl., ¶8.) Based on Plaintiff's financial declaration and, particularly, the fact that, by his own account, his income is significantly less than his expenses, the Court is not satisfied that he has fully reported all of his sources of income and/or savings.

Accordingly, Plaintiff is granted twenty-eight (28) days' leave from the entry of this Order to file a Long Form IFP application to proceed without prepayment of fees or to pay the $400 filing fee in order to proceed with this action. A Long Form IFP application will be provided to Plaintiff. Plaintiff should state all sources of income and explain how he is able to pay his expenses. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444−45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: December 17, 2019
      Brooklyn, New York